JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
PETRA BRUGGISSER (State Bar No. 241173)
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
1211 Newell Avenue
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
MATTHEW KOCH AND JOSHUA VINCELET, ALLAN
CANTANDO and CITY OF ANTIOCH


LAW OFFICES OF FRANK D. PENNEY
A Professional Corporation
JAMES R. LEWIS (State Bar No. 232248)
1544 Eureka Road, Ste. 120
Roseville, CA 95661
Telephone: (916) 788-1960
Facsimile:  (916) 788-1970

Attorney for Plaintiff
RICHARD LOPEZ, SR.

JOHN L. BURRIS (State Bar No. 69888)
BENJAMIN NISENBAUM (State Bar No. 222173)
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882

Attorney for Plaintiff
KATHRYN HARVEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ, SR., individually, and as successor-in-interest for Decedent DAVID JOHN LOPEZ,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW KOCH, JOSHUA | Case No. C13-1610 RS (Lopez case)<br>Case No. C13-1639 NC (Harvey case)<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE RELATED CASES – FRCP 42** |

C13-1610 RS – STIPULATION AND ORDER TO
CONSOLIDATE RELATED CASES

| | |
|---|---|
| 1 | VINCELET, and DOES 1 through 100, |
| 2 | Defendants. |
| 3 | |
| 4 | KATHRYN HARVEY, individually, and as co-successor-in-interest for Decedent |
| 5 | DAVID LOPEZ, |
| 6 | Plaintiff, |
| 7 | vs. |
| 8 | CITY OF ANTIOCH, a municipal corporation; MATTHEW KOCH, |
| 9 | individually; JOSHUA VINCELET, individually; ALLAN CANTANDO, Chief |
| 10 | of Police for the City of Antioch, individually, DOES 1-50, inclusive; |
| 11 | ANTIOCH, |
| 12 | Defendants. |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this action, through their respective counsel of record, as follows:

1. Plaintiff Richard Lopez, Sr. has brought this civil action arising out of the police officer involved shooting death of his son David John Lopez in the City of Antioch on March 22, 2012. This civil action was filed on April 9, 2013, and was originally assigned to the Hon. Magistrate Judge Donna M. Ryu.

2. One day after the filing of the Lopez action, on April 10, 2013, another civil action was filed pertaining to the same officer involved shooting death of David John Lopez. That civil action was filed by the decedent's mother, Kathryn Harvey and was originally assigned to the Hon. Magistrate Judge Nathanael Cousins. That action is entitled Kathryn Harvey v. City of Antioch, et.al., C13-1639 NC.

3. Both cases involve the same event, the death of David Lopez in the City of Antioch on March 22, 2012. Matthew Koch and Joshua Vincelet are named Defendants in both cases. In addition, the City of Antioch and City of Antioch Police Chief Allan Cantando are also named in the Harvey action. Plaintiff Richard Lopez, Sr. is the purported father of the decedent,

1  whereas Plaintiff Kathryn Harvey is the purported mother of the decedent. The claims asserted in both cases are similar as they all arise out of the same incident, namely the alleged wrongful death of the decedent arising out of his contact with the City of Antioch police officers on March 22, 2012. The parties anticipate that the case management, discovery, pre-trial preparation and the trial phase or phases of these two cases will likely be almost identical.

4. On or about June 11, 2013, a party declined to proceed before the assigned Magistrate Judges assigned to both actions and filed the necessary pleadings in both actions.

5. On June 11, 2013, Defendants filed an Administrative Motion to Consider Whether Cases Should Be Related.

6. The Lopez action was then reassigned to Hon. Richard Seeborg on June 13, 2013 (See Document 18). The Harvey action has not yet been reassigned to an Article III judge, though that issue is now likely moot since the parties are stipulating to consolidate both of these actions for all purposes.

7. On June 20, 2013, Hon. Richard Seeborg issued an order granting Defendants Administrative Motion to Consider Whether Cases Should Be Related and has now deemed both the Lopez and Harvey cases related.

8. The parties now agree and hereby stipulate to consolidate both actions (Lopez and Harvey) under FRCP 42(a) for all purposes. Good cause for a consolidation of both actions exists because both actions have already been deemed related, both actions involve the same officer involved shooting and related death of decedent David Lopez, the same or similar parties, the same or similar claims, the same or similar witnesses, the same or similar evidence, the same or similar questions of facts and law. Thus, a consolidation of both cases for all purposes, including case management, discovery, pre-trial and trial, will likely effect a savings of judicial effort and other economics and will avoid unjust and different outcomes related to the same alleged wrongful death incident.

9. More specifically, consolidating both cases is warranted to avoid inconsistent orders, judgments and/or trial outcomes. As both cases involve the same questions of facts and law, they should yield the same result. Plaintiffs in both cases claim damages against the Antioch

C13-1610 RS – STIPULATION AND ORDER TO CONSOLIDATE RELATED CASES        3

related Defendants for the wrongful death of David Lopez. The factual and legal issues in both cases will be largely identical. Trying both cases in separate trials and/or deciding both cases in relation to separately filed motions for summary judgment would not only entail substantial duplication of labor, but more importantly, there would be a substantial risk of inconsistent orders, judgments and/or trial outcomes. Furthermore, while each plaintiff maintains his or her own personal and separate cause of action, a wrongful death action is generally considered joint, single and indivisible. All heirs should join a single action (the so-called "joint action rule"). <u>San Diego Gas & Electric Co. v. Superior Court</u>, 146 Cal.App.4th 1545, 1551 (2007).

10. THEREFORE, the parties agree and hereby stipulate to consolidate both cases under FRCP 42(a) for all purposes, including case management, discovery, pre-trial and trial.

11. The parties request to designate the earlier filed action, <u>Lopez v. Koch</u>, C13-1610 RS, as the leading case.

**IT IS STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 20, 2013            MCNAMARA, NEY, BEATTY, SLATTERY,
                                BORGES & AMBACHER LLP

                                By:  /s/ Blechman, Noah
                                     James V. Fitzgerald, III
                                     Noah G. Blechman
                                     Petra Bruggisser
                                     Attorneys for Defendants

Dated: June 20, 2013            LAW OFFICES OF FRANK D. PENNEY

                                By:  /s/ Lewis, James
                                     James R. Lewis
                                     Attorney for Plaintiff Richard Lopez

Dated: June 20, 2013            LAW OFFICES OF JOHN L. BURRIS

                                By:  /s/ Nisenbaum, Benjamin
                                     John L. Burris
                                     Benjamin Nisenbaum
                                     Attorney for Plaintiff Kathryn Harvey

## ORDER

Good cause having been shown by the parties, the Court hereby orders that the civil actions <u>Lopez v. Koch</u>, C13-1610 RS and <u>Harvey v. City of Antioch</u>, C13-1639 NC are hereby CONSOLIDATED for all purposes under FRCP 42(a). The earlier filed case of <u>Lopez v. Koch</u> C13-1610 RS, shall be the leading case. The case file number on all documents filed in the consolidated cases shall be shown as C13-1610 RS. The file for Case No. C-13-1639 shall be administratively closed and no further filings shall be made therein.

Dated: ~~June~~ July 1, 2013

By: /s/ Richard Seeborg
Hon. Richard Seeborg
United States District Court Judge